# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

**DELORES HAMILTON,**

         **Plaintiff,**

-vs-                                                                           **Case No. 6:07-cv-1870-Orl-GJK**

**COMMISSIONER OF SOCIAL SECURITY,**

         **Defendant.**

_____

## MEMORANDUM OF DECISION

Plaintiff Delores Hamilton ("Hamilton") appeals to the district court from a final decision of the Commissioner of Social Security (the "Commissioner") denying her application for disability insurance benefits. *See* Doc. No. 1. For the reasons set forth below, it is ordered that the Commissioner's decision is **REVERSED and REMANDED under sentence four of 42 U.S.C. § 405(g)**.

## I.    BACKGROUND

Hamilton was born on May 14, 1958, and alleges an onset of disability as of December 5, 2002. R. 61.[1] On December 8, 2002, Hamilton filed an application for disability benefits. R. 61. On March 27, 2004, Hamilton's claim for disability benefits was initially denied and, on August 13, 2004, again upon reconsideration. R. 46, 48, 53. On September 2, 2004, Hamilton requested a hearing before an Administrative Law Judge ("ALJ") and, on December 6, 2005, a hearing was

---

[1] In the Administrative Law Judge's (the "ALJ") May 21, 2007 decision, he erroneously states that Hamilton's alleged onset date is November 17, 2003. R. 17, 24. In both parties' memorandums on appeal, they state that Hamilton's alleged onset date is December 5, 2002, and the Court's own review of the record does not indicate that Hamilton amended her onset date. Doc. Nos. 11, 12.

held before the Honorable Jimmy N. Coffman. R. 45, 357-373. On May 25, 2006, the ALJ issued a partially favorable decision finding Hamilton disabled and entitled to benefits during a closed period of disability commencing on December 5, 2002, and extending through June 28, 2004. R. 252-56. Hamilton requested a review of the ALJ's decision from the Appeals Council. R. 266. On December 22, 2006, the Appeals Council vacated the entire decision and issued an order remanding the case to the ALJ for further proceedings. R. 269-27.

> The Appeals Council's order issued the following mandate in pertinent part:
>
> Upon remand the [ALJ] will:
>
> Obtain <u>additional evidence concerning the claimant's musculoskeletal impairments</u> in order to complete the administrative record in accordance with the regulatory standards regarding consultative examinations and existing medical evidence. The additional evidence <u>will include</u> updated records from the claimant's treating physicians and <u>a consultative orthopedic examination</u> and medical source statement about what the claimant can still do despite the impairments. The [ALJ] may enlist the aid and cooperation of the claimant's representative in developing evidence from the claimant's treating sources.

R. 270. On January 18, 2007, Hamilton's treating physician, Dr. Muhammad Khan referred her to Dr. Nizam Razack, a neurosurgeon, for a surgical evaluation.[2] In a letter to Dr. Khan, Dr. Razack states the following:

> I saw you patient, Delores Hamilton. As you know, she is a 48-year-old female with a history of low back pain. She works as an administrative assistant, but claims she is not able to work at this stage because of the pain. The pain goes into both hips. It does not travel below the knees. Sitting or standing for prolonged periods of time make the pain worse. She has not been involved in any work related injuries. She takes multiple medications as listed by her intake form including past surgical and medical history. Of

---

[2] During the second hearing before the ALJ, on April 11, 2007, Hamilton testified that her treating physician referred her to a surgeon for a second opinion regarding surgery to relieve her pain. R. 389.

> note, she had two trials of epidural steroids, both having significant side effects. Her review of systems is per her intake form. On examination, she is awake, alert and orientated x3. Speech is clear and her eye movements are full. No drift on motor examination. She has difficulty getting up from a chair. She does have decreased range of motion in her lumbar spine. She is unable to touch her toes because of the pain. Internal and external rotation of her hips does not produce any significant pain. Reflexes are symmetrically present in each muscle group. I find no weakness in her quadriceps, dorsiflexion; plantar flexion. Extensor halluses longus is 5/5. Reflexes are symmetrical. No pinprick, sensory abnormalities or lateralizing findings.
>
> . . .
>
> Assessment/Plan: The patient is a 48-year-old female with low back pain of a degenerative and mechanical nature. I reviewed her MRI scans, which show degenerative discs at L3-4, L4-5 and L5-S1 with possible old annular tears. There may be some mild foraminal narrowing at L5, however, I do not see any other significant findings. She does not have any significant stenosis. No disc herniations that I reviewed. This scan was done in June of 2006. I told her at this point that I would try to treat her conservatively. I would just recommend physical therapy and possibly aquatic type exercises. I would not recommend surgical intervention at this time. I told her that if she gets pain in one leg or the other that is more radicular in pattern then I would repeat the MRI scan. Thank you for allowing me to participate in her care.

R. 307-08. The record on appeal contains no other reports or evaluations from Dr. Razack.

On April 11, 2007, a second hearing on remand was held before the ALJ. R. 374-92. On May 21, 2007, the ALJ issued a new decision on remand finding Hamilton not disabled and denying her claims. R. 17-24. The ALJ's decision makes the following findings:

1. Hamilton meets the insured status requirements through December 13, 2007;[3]

2. Hamilton has not engaged in substantial gainful activity since the alleged onset of disability;

3. Hamilton has the following severe combination of impairments: degenerative disc disease

---

[3] In the Commissioner's memorandum on appeal, he acknowledges that Hamilton is actually insured for benefits through December 31, 2007. Doc. No. 12 at n. 1.

of the lumbar region of the spine, osteoarthritis of the knees and hypertension;

4. Hamilton does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments;

5. After careful consideration of the entire record, the undersigned finds that Hamilton has the residual functional capacity to lift 20 pounds occasionally and 10 pounds frequently and sit, stand or walk for about six hours in an eight-hour workday. The claimant is able to climb, balance, stoop, kneel, crouch, or crawl occasionally;

6. Hamilton is capable of performing her past relevant work as an account executive, help desk, administrative assistant, account receivable and as an operator; and

7. Hamilton has not been under a disability from the onset date through the date of this decision.

R. 17-24. In reaching his decision, the ALJ considered the entire prior record (R. 161-248) and the following additional records: updated treatment records of Dr. Khan (R. 312-51); a new medical source statement from Dr. Khan (R. 309-11); and Dr. Razack's letter to Dr. Khan (R. 307-08). Regarding Dr. Razack, the ALJ stated the following:

> On January 18, 2007, the claimant underwent an independent medical examination conducted by Nizam Razack, M.D. On physical examination, the claimant was alert and orientated in all spheres. There was no drift on motor examination. She experienced difficulty getting up from a chair. There was decreased range of motion of the lumbar region of the spine. The claimant was unable to touch her toes because of pain. Internal and external rotation of her hips did not produce any significant pain. The claimant's reflexes were symmetrically in each muscle group. There was no weakness. Motor strength and sensory examination were essentially normal.

R. 21.

On May 30, 2007, Hamilton requested review of the ALJ's decision denying her disability benefit from the Appeals Council. R. 12. In Hamilton's request for review, she states the following:

> The appeals council remand . . . instructs the [ALJ] to order an orthopedic consultive examination and medical source statement. I was not scheduled for an updated consultive examination prior to or after the supplemental hearing.

R. 12. On September 24, 2007, the Appeals Council denied Hamilton's request for review, making the ALJ's decision the final decision of the Commissioner. R. 6. Regarding Hamilton's reason for requesting review, the Appeals Council stated: "We found that this information does not provide a basis for changing the ALJ's decision." R. 7.

On November 27, 2007, Hamilton timely appealed the Appeals Council's decision to the United States District Court. Doc. No. 1. On April 4, 2008, Hamilton filed a memorandum of law in support of her appeal. Doc. No. 11. On June 3, 2008, the Commissioner filed a memorandum in support of his decision that Hamilton is not disabled. Doc. No. 12. The appeal is ripe for determination.

## II. THE PARTIES' POSITIONS

Hamilton assigns four errors to the Commissioner's decision: (1) the ALJ failed to follow the mandate of the Appeals Council, requiring a consultative orthopedic examination concerning Hamilton's musculoskeletal impairments and what she can still do despite those impairments (citing 20 C.F.R. § 404.977(b); *Graham v. Apfel*, 129 F.3d 1420, 1422 (11th Cir. 1997); *Tauber v. Barnhart*, 438 F.Supp.2d 1366, 1375-76 (N.D. Ga. 2006); *Bolen v. Astrue*, 2008 WL 694712 (S.D. Ala. Mar. 12, 2008); *Rease v. Barnhart*, 422 F.Supp.2d 1334, 1375 (N.D. Ga. 2006)); (2) the ALJ failed to properly apply the Eleventh Circuit's pain standard, specifically by misapplying the third prong of the standard and requiring objective medical evidence confirming the severity of Hamilton's pain; (3) the ALJ's decision to assign little weight to the medical source opinions of Dr. Khan is not supported by substantial evidence; and (4) the residual

functional capacity determination is not supported by substantial evidence. Doc. No. 11.

The Commissioner argues that substantial evidence supports his decision to deny Rea's claims. He maintains that: (1) Dr. Razack's examination, even though he is not an orthopedist, he did not perform consultative orthopedic evaluation, and the ALJ did not order a consultative orthopedic evaluation, satisfies the mandate from the Appeals Council;[4] (2) the ALJ did not require both objective evidence of the severity of the condition and of the severity of the limitation and, therefore, the ALJ properly applied the pain standard; (3) the ALJ had good cause to afford little weight to the medical source opinions of Dr. Khan because the opinions were exaggerated and inconsistent with his treatment notes; and (4) substantial evidence existed to support the ALJ's residual functional capacity determination, including giving considerable weight to the non-examining state agency consultants' opinions because they are supported by the medical evidence as a whole. Doc. No. 12.

## III.     LEGAL STANDARDS

### A.     THE ALJ'S FIVE-STEP DISABILITY ANALYSIS

Under the authority of the Social Security Act, the Social Security Administration has established a five-step sequential evaluation process for determining whether an individual is disabled. *See* 20 CFR §§ 404.1520(a), 416.920(a). The steps are followed in order. If it is determined that the claimant is or is not disabled at a step of the evaluation process, the evaluation will not go on to the next step.

At step one, the ALJ must determine whether the claimant is engaging in substantial gainful activity. 20 CFR §§ 404.1520(b), 416.920(b). Substantial gainful activity ("SGA") is

---

[4] The Commissioner relies solely on argument for this position and does not cite to any case law or regulatory support for his position. Doc. No. 12 at 5-6. Furthermore, the Commissioner does not address the regulation or case law cited by Hamilton in support of her position. *Id*.

defined as work activity that is both substantial and gainful. "Substantial work activity" is work activity that involves performing significant physical or mental activities. 20 CFR §§ 404.1572(a), 416.972(a). "Gainful work activity" is work that is usually performed for pay or profit, whether or not a profit is realized. 20 CFR §§ 404.1572(b), 416.972(b). Generally, if an individual has earnings from employment or self-employment above a specific level set out in the regulations, it is presumed that he has demonstrated the ability to engage in SGA. 20 CFR §§ 404.1574, 404.1575, 416.974, 416.975. If an individual is not engaging in SGA, the analysis proceeds to the second step.

At step two, the ALJ must determine whether the claimant has a medically determinable impairment that is "severe" or a combination of impairments that is "severe." 20 CFR §§ 404.1520(c), 416.920(c). An impairment or combination of impairments is "severe" within the meaning of the regulations if it significantly limits an individual's ability to perform basic work activities. An impairment or combination of impairments is "not severe" when medical or other evidence establish only a slight abnormality or a combination of slight abnormalities that would have no more than a minimal effect on an individual's ability to work. 20 CFR §§ 404.1521, 416.921.

In determining whether a claimant's physical and mental impairments are sufficiently severe, the ALJ must consider the combined effect of all of the claimant's impairments, and must consider any medically severe combination of impairments throughout the disability determination process. 42 U.S.C. § 423(d)(2)(B). The ALJ must evaluate a disability claimant as a whole person, and not in the abstract as having several hypothetical and isolated illnesses. *Davis v. Shalala*, 985 F.2d 528, 534 (11th Cir. 1993). Accordingly, the ALJ must make it clear

to the reviewing court that the ALJ has considered all alleged impairments, both individually and in combination, and must make specific and well-articulated findings as to the effect of a combination of impairments when determining whether an individual is disabled. *See Jamison v. Bowen*, 814 F.2d 585, 588-89 (11th Cir. 1987); *Davis*, 985 F.2d at 534. A remand is required where the record contains a diagnosis of a severe condition that the ALJ failed to consider properly. *Vega v. Comm'r*, 265 F.3d 1214, 1219 (11th Cir. 2001). If the claimant does not have a severe medically determinable impairment or combination of impairments, he is not disabled. If the claimant has a severe impairment or combination of impairments, the analysis proceeds to the third step.

At step three, it must be determined whether the claimant's impairment or combination of impairments meets or medically equals the criteria of an impairment listed in 20 CFR Part 404, Subpart P, Appendix 1 (the "Listing(s)"). 20 CFR §§ 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925, 416.926. If the claimant's impairment or combination of impairments meets or medically equals the criteria of a Listing and meets the duration requirement (20 CFR §§ 404.1509, 416.909), the claimant is disabled. If it does not, the analysis proceeds to the next step.

Before considering step four of the sequential evaluation process, the ALJ must first determine the claimant's RFC. 20 CFR §§ 404.1520(e), 416.920(e). An individual's RFC is his ability to do physical and mental work activities on a sustained basis despite limitations secondary to his established impairments. In making this finding, the ALJ must also consider all of the claimant's impairments, including those that may not be severe. 20 CFR §§ 404.1520(e), 404.1545, 416.920(e), 416.945.

Next, the ALJ must determine step four, whether the claimant has the RFC to perform the requirements of his past relevant work. 20 CFR §§ 404.1520(f), 416.920(f); *Crayton v. Callahan*, 120 F.3d 1217, 1219 (11th Cir. 1997). The ALJ makes this determination by considering the claimant's ability to lift weight, sit, stand, push, and pull. *See* 20 C.F.R. § 404.1545(b). The claimant has the burden of proving the existence of a disability as defined by the Social Security Act. *Carnes v. Sullivan*, 936 F.2d 1215, 1218 (11th Cir. 1991). If the claimant is unable to establish an impairment that meets the Listings, the claimant must prove an inability to perform the claimant's past relevant work. *Jones v. Apfel*, 190 F.3d 1224, 1228 (11th Cir. 1999). The term past relevant work means work performed (either as the claimant actually performed it or as it is generally performed in the national economy) within the last 15 years or 15 years prior to the date that disability must be established. In addition, the work must have lasted long enough for the claimant to learn to do the job and have been SGA. 20 CFR §§ 404.1560(b), 404.1565, 416.960(b), 416.965. If the claimant has the RFC to do his past relevant work, the claimant is not disabled. If the claimant is unable to do any past relevant work, the analysis proceeds to the fifth and final step.

At the last step of the sequential evaluation process (20 CFR §§ 404.1520(g), 416.920(g)), the ALJ must determine whether the claimant is able to do any other work considering his RFC, age, education and work experience. In determining the physical exertional requirements of work available in the national economy, jobs are classified as sedentary, light, medium, heavy, and very heavy. 20 C.F.R. § 404.1567. If the claimant is able to do other work, he is not disabled. If the claimant is not able to do other work and his impairment meets the duration requirement, he is disabled. Although the claimant generally

continues to have the burden of proving disability at this step, a limited burden of going forward with the evidence shifts to the Social Security Administration. In order to support a finding that an individual is not disabled at this step, the Social Security Administration is responsible for providing evidence that demonstrates that other work exists in significant numbers in the national economy that the claimant can do, given the RFC, age, education and work experience. 20 CFR §§ 404.1512(g), 404.1560(c), 416.912(g), 416.960(c).

> B.     **THE STANDARD OF REVIEW**

The Commissioner's findings of fact are conclusive if supported by substantial evidence. 42 U.S.C. § 405(g). Substantial evidence is more than a scintilla — i.e., the evidence must do more than merely create a suspicion of the existence of a fact, and must include such relevant evidence as a reasonable person would accept as adequate to support the conclusion. *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995) (*citing Walden v. Schweiker*, 672 F.2d 835, 838 (11th Cir. 1982) and *Richardson v. Perales*, 402 U.S. 389, 401 (1971)); *accord*, *Edwards v. Sullivan*, 937 F.2d 580, 584 n.3 (11th Cir. 1991).

Where the Commissioner's decision is supported by substantial evidence, the district court will affirm, even if the reviewer would have reached a contrary result as finder of fact, and even if the reviewer finds that the evidence preponderates against the Commissioner's decision. *Edwards v. Sullivan*, 937 F.2d at 584 n.3; *Barnes v. Sullivan*, 932 F.2d 1356, 1358 (11th Cir. 1991). The district court must view the evidence as a whole, taking into account evidence favorable as well as unfavorable to the decision. *Foote*, 67 F.3d at 1560; *accord*, *Lowery v. Sullivan*, 979 F.2d 835, 837 (11th Cir. 1992) (court must scrutinize the entire record to determine

reasonableness of factual findings); *Parker v. Bowen*, 793 F.2d 1177 (11th Cir. 1986) (court also must consider evidence detracting from evidence on which Commissioner relied).

Congress has empowered the district court to reverse the decision of the Commissioner without remanding the cause. 42 U.S.C. § 405(g)(Sentence Four). The district court will reverse a Commissioner's decision on plenary review if the decision applies incorrect law, or if the decision fails to provide the district court with sufficient reasoning to determine that the Commissioner properly applied the law. *Keeton v. Dep't of Health & Human Serv.*, 21 F.3d 1064, 1066 (11th Cir. 1994); *accord*, *Cornelius v. Sullivan*, 936 F.2d 1143, 1145 (11th Cir. 1991); *Martin v. Sullivan*, 894 F.2d 1520, 1529 (11th Cir. 1990). This Court may reverse the decision of the Commissioner and order an award of disability benefits where the Commissioner has already considered the essential evidence and it is clear that the cumulative effect of the evidence establishes disability without any doubt. *Davis v. Shalala*, 985 F.2d 528, 534 (11th Cir. 1993); *accord*, *Bowen v. Heckler*, 748 F.2d 629, 631, 636-37 (11th Cir. 1984). A claimant may be entitled to an immediate award of benefits where the claimant has suffered an injustice, *Walden v. Schweiker*, 672 F.2d 835, 840 (11th Cir. 1982), or where the ALJ has erred and the record lacks substantial evidence supporting the conclusion of no disability, *Spencer v. Heckler*, 765 F.2d 1090, 1094 (11th Cir. 1985).

The district court may remand a case to the Commissioner for a rehearing under sentences four or six of 42 U.S.C. § 405(g); or under both sentences. *Jackson v. Chater*, 99 F.3d 1086, 1089-92, 1095, 1098 (11th Cir. 1996). To remand under sentence four, the district court must either find that the Commissioner's decision is not supported by substantial evidence, or that the Commissioner incorrectly applied the law relevant to the disability claim. *Jackson*, 99

F.3d at 1090 - 91 (remand appropriate where ALJ failed to develop a full and fair record of claimant's RFC); *accord*, *Brenem v. Harris*, 621 F.2d 688, 690 (5th Cir. 1980) (remand appropriate where record was insufficient to affirm, but also was insufficient for district court to find claimant disabled).

Where the district court cannot discern the basis for the Commissioner's decision, a sentence-four remand may be appropriate to allow the Commissioner to explain the basis for his decision. *Falcon v. Heckler*, 732 F.2d 872, 829 - 30 (11th Cir. 1984) (remand was appropriate to allow ALJ to explain his basis for determining that claimant's depression did not significantly affect her ability to work).[5] In contrast, sentence six of 42 U.S.C. § 405(g) provides:

> The court . . . may at any time order additional evidence to be taken before the Commissioner of Social Security, but only upon a showing that there is new evidence which is material and that there is good cause for the failure to incorporate such evidence into the record in a prior proceeding.

42 U.S.C. § 405(g). To remand under sentence six, the claimant must establish: 1) that there is new, non-cumulative evidence; 2) that the evidence is material — relevant and probative so that there is a reasonable possibility that it would change the administrative result; and 3) there is good cause for failure to submit the evidence at the administrative level. *See Jackson*, 99 F.3d at 1090-92; *Cannon v. Bowen*, 858 F.2d 1541, 1546 (11th Cir. 1988); *Smith v. Bowen*, 792 F.2d 1547, 1550 (11th Cir. 1986); *Caulder v. Bowen*, 791 F.2d 872, 877 (11th Cir. 1986); *Keeton v. Dept. of Health & Human Serv.*, 21 F.3d 1064, 1068 (11th Cir. 1994). A sentence-six remand

---

[5] On remand under sentence four, the ALJ should review the case on a complete record, including any new material evidence. *Diorio v. Heckler*, 721 F.2d 726, 729 (11th Cir. 1983) (on remand ALJ required to consider psychiatric report tendered to Appeals Council); *Reeves v. Heckler*, 734 F.2d 519, 522 n.1 (11th Cir. 1984) (on remand ALJ required to consider the need for orthopedic evaluation). After a sentence-four remand, the district court enters a final and appealable judgment immediately, and then loses jurisdiction. *Jackson*, 99 F.3d at 1089, 1095.

may be warranted even in the absence of an error by the Commissioner if new, material evidence becomes available to the claimant. *Jackson*, 99 F.3d at 1095.[6]

## IV. <u>ANALYSIS OF ALLEGED ERRORS</u>

**Whether the ALJ Erred By Failing To Follow the Mandate of the Appeals Council.**

Hamilton argues that the ALJ failed to follow the mandate of the Appeals Council on remand and that failure amounts to reversible error. Doc. No. 11. The Commissioner does not dispute that the ALJ did not order a consultative orthopedic evaluation on remand, but argues that Dr. Razack's examination satisfied the mandate. Doc. No. 12. It is clear from Dr. Razack's letter and Hamilton's testimony that he examined her for an opinion as to whether she was a candidate for surgery. R. 307-08, 389. It is equally clear that Dr. Razack did not offer any opinion about what Hamilton can still do despite her impairments. *Id*.

20 C.F.R. §§ 404.977(b) and 416.1477(b) specifically state the following regarding an ALJ's duty on remand from the Appeals Council:

> Action by [ALJ] on remand. The [ALJ] **shall take any action that is ordered by the Appeals Council** and may take any additional action that is not inconsistent with the Appeals Council's remand order.

*Id*. (emphasis added). The claimant has the burden of proving the existence of a disability as defined by the Social Security Act. *Carnes v. Sullivan*, 936 F.2d 1215, 1218 (11th Cir. 1991). However, because a hearing before an ALJ is non-adversarial, the ALJ retains the basic duty to fully and fairly develop the record even when a claimant is represented by counsel. *Graham v. Apfel*, 129 F.3d 1420, 1422 (11th Cir. 1997); *Dozier v. Heckler*, 754 F.2d 274, 276 (8th Cir.

---

[6] With a sentence-six remand, the parties must return to the district court after remand to file modified findings of fact. *Id*. The district court retains jurisdiction pending remand, and does not enter a final judgment until after the completion of remand proceedings. *Id.*

1985). In *Rease v. Barnhart*, 422 F.Supp.2d 1334, 1372 (N.D. Ga. 2006), the court explained the connection between the claimant's burden and the ALJ's duty as follows:

> Although the burden of proof is on the claimant to prove disability, the ALJ is under a duty to conduct a full and fair inquiry into all the matters at issue. *Ford v. Secretary of Health and Human Services*, 659 F.2d 66 (5th Cir.1981). Thus, in general, the claimant has the burden of obtaining his medical records and proving that he is disabled. 20 C.F.R. § 404.1512(a) and (c). On the other hand, the Commissioner (ALJ) has the responsibility to make every reasonable effort to develop the claimant's complete medical history, for at least the twelve months preceding the month in which the claimant filed his application and, if applicable, for the twelve month period prior to the month in which he was last insured. 20 C.F.R. § 404.1512(d).
> . . .
> When the medical evidence is inadequate for the Commissioner to determine whether the claimant is disabled, the Commissioner has the responsibility to re-contact the claimant's treating physician(s) or other medical source(s) and determine whether the additional information the ALJ needs is available. 20 C.F.R. § 404.1512(e). If the additional needed medical evidence is not readily available, then the ALJ should obtain a consultative examination. 20 C.F.R. §§ 404.1517 and 416.917; *Sellers v. Barnhart*, 246 F.Supp.2d 1201 (M.D.Ala.2002); *Holladay v. Bowen*, 848 F.2d 1206, 1210 (11th Cir.1988); *Caulder v. Bowen*, 791 F.2d 872 (11th Cir.1986); *compare Murray v. Heckler*, 737 F.2d 934 (11th Cir.1984).
> . . .
> Additional medical evidence may be required in order to obtain more detailed medical findings about a claimant's impairment(s), to obtain technical or specialized medical information, or to resolve conflicts or differences in the medical findings already available. 20 C.F.R. §§ 404.1519a(b) and 416.919a(b). <u>The failure of an ALJ to order a consultative examination, when such an evaluation is necessary to make an informed decision, constitutes justifiable cause for a remand to the Commissioner.</u> *Reeves v. Heckler*, 734 F.2d 519 (11th Cir.1984); *Ford*, 659 F.2d at 69; *Turner v. Califano*, 563 F.2d 669 (5th Cir.1977).

*Id*. at 1372 (emphasis added).

Courts in this circuit have held that an ALJ's failure to take the specific action mandated by the Appeals Council on remand is reversible error because it obviates an ALJ's duty to fully and fairly develop the record. In *Tauber v. Barnhart*, 438 F.Supp.2d 1366, 1375-76 (N.D. Ga. 2006), the Northern District of Georgia, after quoting the above portion of 20 C.F.R. § 404.977(b), reversed the final decision of the ALJ stating the following:

> In the instant case, the remand order noted that "[f]urther consideration" was warranted to determine whether Claimant's former jobs would allow her to "alternate between sitting and standing." The ALJ was specifically tasked with "further develop[ing] the record regarding the demands of the claimant[']s past relevant work, and obtain[ing] evidence from a vocational expert to clarify whether the claimant could meet the demands of such work[.]" While the Appeals Council's statements concerning the insufficiency of the previous ALJ's decision in establishing that Claimant's past relevant work would allow her to alternate between sitting and standing could be construed as simply conveying the pertinent facts, when read in the context of the entirety of the Appeals Council's order remanding for further proceedings, the Court cannot subscribe to this view. The Appeals Council specifically mandated that "further develop[ment]" of the record was required with regard to the demands of Claimant's past relevant work. In light of the Appeals Council's statements that the previous decision was deficient because of its treatment of the "sit/stand option" and that further review was therefore required, this Court construes the Appeals Council's remand order as requiring the consideration of the "sit/stand option," even if that consideration entailed the debunking thereof. As such, because the "sit/stand option" was not considered or discussed, error has been committed. 20 C.F.R. § 404.977(b); *See Thompson v. Barnhart*, 2006 WL 709795, *11-12 (E.D.Pa. March 15, 2006) ("The ALJ has ... committed legal error by not following the mandate of the court, and by not following the regulations of the Social Security Administration itself which require adherence to the remand orders of the Appeals Council.").

*Id*. In *Bolen v. Astrue*, 2008 WL 694712 (S.D. Ala. Mar. 12, 2008), the court reversed the final decision of the Commissioner and held that the ALJ failed to fulfill his duty to fully and fairly

15

develop the record because "he did not include limitations on plaintiff's residual functional capacity . . . as instructed by the Appeals Council [after remand]." *Id*. at * 2. In *Rease*, 422 F.Supp.2d at 1375, the court reversed the final decision of the Commissioner, in part, because on remand from the Appeals Council, the ALJ failed to obtain a comprehensive mental status examination. *Id*. Notably, in *Rease*, the ALJ did obtain a mental status examination on remand, but the court held that the opinion offered by the psychologist did not take into account any physical limitations the claimant might have and, therefore, it was not a comprehensive evaluation as ordered by the Appeals Council. *Id*. at 1375.

The Court finds the above opinions highly persuasive and, given the Commissioner's failure to address them or offer any contrary authority, the Court sees no reason why the opinions should not apply to the instant case. While the Commissioner urges the Court to find that Dr. Razack's surgical consultation satisfied the mandate of the Appeals Council, the Court cannot make such a finding. Dr. Razack's evaluation is a letter to Dr. Khan addressing whether surgery is a viable option for Hamilton's condition. R. 307-08. While the letter reflects that Dr. Razack conducted a physical examination of Hamilton, the Court cannot find that the letter constitutes an evaluation of what Hamilton can still do despite her impairments. R. 270, 307-08. The Appeals Council specifically mandated "a consultative orthopedic examination" to "[o]btain additional evidence concerning the claimant's musculoskeletal impairments in order to complete the administrative record. . . ." The ALJ failed to order a consultative orthopedic examination and, therefore, failed to fulfill his duty to fully and fairly develop the record. *See e.g.*, 20 C.F.R. §§ 404.977(b), 416.1477(b); *Rease*, 422 F.Supp.2d at 1375; *Bolen*, 2008 WL 694712 at * 2 (S.D. Ala. Mar. 12, 2008); *Tauber*, 438 F.Supp.2d at 1375-76.

Accordingly, the case must be remanded under sentence four of § 405(g) for the ALJ to comply with the mandate of the Appeals Council and order a consultative orthopedic evaluation. *See Jackson*, 99 F.3d at 1090 - 91 (remand appropriate where ALJ failed to develop a full and fair record).[7]

## V.     CONCLUSION

For the reasons stated above, it is **ORDERED** that the Commissioner's decision is **REVERSED and REMANDED under sentence four of Section 405(g)** for further proceedings consistent with this opinion. The Clerk is directed to enter a separate judgment in favor of Hamilton and close the case. [8]

**DONE and ORDERED** in Orlando, Florida on March 23, 2009.

_____
GREGORY J. KELLY
UNITED STATES MAGISTRATE JUDGE

The Court Requests that the Clerk
Mail or Deliver Copies of this Order to:

Edward S. Rue
Rue & Ziffra, P.A.
632 Dunlawton Avenue
Port Orange, FL 32127

Susan R. Waldron
U.S. Attorney's Office
Suite 3200

---

[7] *See* supra n. 5.
[8] Because the ALJ's decision is reversed and remanded under sentence four of § 405(g), it is unnecessary to reach the other arguments raised by Hamilton.

400 N. Tampa St.
Tampa, Florida          33602

Mary Ann Sloan, Regional Chief Counsel
Dennis R. Williams, Deputy Regional Chief Counsel
John C. Stoner, Branch Chief
Richard V. Blake, Assistant Regional Counsel
Office of the General Counsel, Region IV
Social Security Administration
61 Forsyth Street, S.W., Suite 20T45
Atlanta, Georgia         30303-8920

The Honorable Jimmy N. Coffman
Administrative Law Judge
c/o Social Security Administration
Office of Hearings and Appeals
Suite 300
3505 Lake Lynda Dr.
Orlando, FL 32817-9801